# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LIBERTY FIBERS CORPORATION, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Case No. 05-53874 (MPP) |
| | ) | |
| MACK SANE, IN A REPRESENTATIVE CAPACITY ON BEHALF OF A CLASS OF ALL PERSONS SIMILARLY SITUATED, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. _____ |
| -against- | ) | |
| | ) | |
| LIBERTY FIBERS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **CLASS ACTION COMPLAINT** |
| | ) ) ) | |

Plaintiff Mack Sane and all other persons similarly situated, as and for their complaint, allege as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

4. The relief sought in this Complaint includes equitable relief within the meaning of Fed. R. Bankr. P. 7001(7), which is appropriately brought by adversary proceeding.

## NATURE OF THE ACTION

5. The Plaintiff, and all other persons similarly situated as members of the class he seeks to represent, were employees of Liberty Fibers Corporation ("Defendant") who were terminated without cause as a part of, or as a result of, a plant shutdown and/or mass layoff which took place on or about September 29, 2005.

6. Defendant violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§2101 *et seq.* (the "WARN Act") by failing to give the Plaintiff and other persons similarly situated, who are members of the class the Plaintiff seeks to represent, at least 60 days prior notice of termination of their employment as required by the WARN Act. As a consequence, the Plaintiff, and other members of the class he seeks to represent, are entitled to recover from Defendant and its bankruptcy estate, under the WARN Act, their wages and the value of other employee benefits for 60 days following the termination of their employment, which wages and benefits have not been paid.

## PARTIES

7. The Debtor-Defendant Liberty Fibers Corporation is, upon information and belief, a Tennessee corporation that, on or about September 29, 2005 (the "Petition Date") filed a voluntary petition with this Court for relief under Title 11 of the United States Code (the "Bankruptcy Code").

8. After the Petition Date, the Defendant continued to have the powers of a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, until the conversion of this case to a case under chapter 7 of the Bankruptcy Code on November 21, 2005.

9. On or about September 29, 2005, the Defendant terminated all or substantially all employees of its rayon plant in the Lowland area of Hamblen County (the "Facility"). The proposed class of terminated employees totals approximately 300 to 350 individuals.

10. On November 21, 2005 (D.I. 139), this Court entered an Order converting the Defendant's case from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code.

11. Maurice K. Guinn was appointed as the Chapter 7 Trustee.

12. The Plaintiff and other similarly situated as members of the proposed class he seeks to represent, had been employed by the Defendant at the Facility.

13. Plaintiff brings this action on his own behalf and, pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5) and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and Bankruptcy Rules 7023, on behalf of all other persons similarly situated.

## **CLASS ALLEGATIONS**

14. The Plaintiff, on behalf of himself and the members of the class, repeats and re-alleges the allegations of the preceding paragraphs as though fully restated herein.

**A.  DEFINITION OF THE CLASS**

15. The Plaintiff and the other similarly situated former employees constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7023.

16. The class is defined as all of those individuals employed by Defendant and who became "affected employees" because they suffered "employment losses" as a direct and proximate result of the plant closing and/or mass layoffs on or about September 29, 2005, and
3

within 30 days before and after that date, and to whom Defendant failed to provide notice in compliance with the WARN Act.

**B.     NUMEROSITY**

17.     The class is so numerous as to render joinder of all members impractical as there are many hundreds of persons who are included in the class.  Upon information and belief, approximately 300 to 350 individuals suffered termination of employment by Defendant within 30 days prior to and after the Petition Date without notice.  The identities of all class members are not presently known but are ascertainable through appropriate discovery.

**C.     EXISTENCE AND PREDOMINANCE OF COMMON ISSUES**

18.     Common questions of law and fact are applicable to all members of the class.

19.     The common questions of law and fact arise from and concern the following facts and actions:

(a)     all class members enjoyed the protection of the WARN Act;

(b)     all class members were employees of Defendant;

(c)     Defendant terminated the employment of all the members of the class;

(d)     Defendant terminated the employment of the members of the class without giving them at least 60 days' prior written notice as required by the WARN Act; and

(e)     Defendant failed to pay wages to the class members and failed to provide other employee benefits for the 60-day period following the respective terminations of their employment.

20.     The questions of law and fact common to the members of the class, as above noted, predominate over any questions affecting only individual members, and thus, this class action adversary proceeding is superior to other available methods for the fair and efficient adjudication of this controversy.

**D.     TYPICALITY**

21.     The Plaintiff's claim is typical of the claims of other members of the class. All such claims arise out of Defendant's failure to provide notice under the WARN Act and failure to timely disclose to employees that they would be laid off as a result of the plant closing and/or mass layoff. Plaintiff and other class members have suffered a common injury arising out of Defendant's common course of conduct as alleged herein.

**E.     ADEQUATE REPRESENTATION**

22.     The Plaintiff will fairly and adequately protect and represent the interests of the class and has no interest antagonistic to or in conflict with those of other class members.

23.     The Plaintiff has the time and resources to prosecute this action and has retained qualified counsel who have had extensive experience in matters involving employee rights, the WARN Act, bankruptcy, and federal court litigation. The Plaintiff intends to prosecute this action vigorously for the benefit of the class.

**F.     SUPERIORITY**

24.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the class is impractical. Furthermore, damages suffered by members of the class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the class to obtain relief. The interests of judicial economy favor adjudicating the claims of the class on a class-wide basis rather than an individual basis.

DEL1 63799-1

## G. RISKS OF INCONSISTENT OR VARYING ADJUDICATION

25. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual class members. Separate actions by individual members of the class would create a risk that adjudication of disputed issues of law or fact as to some of the former employees would be binding upon other class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

26. Pursuant to Fed. R. Civ. P. 23(a) and Bankruptcy Court Rule 7023, the class meets all the requirements for class certification.

27. Class certification is also authorized by the WARN Act, 29 U.S.C. § 2104 (a)(5).

## FIRST CLAIM

**(Claim for Allowance and Payment of Administrative Expense Claims on Behalf of Employees Terminated After the Petition Date)**

28. The Plaintiff, on behalf of himself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

29. At all relevant times, Defendant had more than 100 full-time employees within the United States.

30. At all relevant times, Defendant employed more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

31. At all times relevant, Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a).

DEL1 63799-1

32. On or about September 29, 2005, Defendant effected a "plant closing" or "mass layoff," as those terms are defined by 29 U.S.C. § 2101(a)(2) and (3), at its plant.

33. The shutdown of Defendant's Facility as a "facility or operating unit" constitutes a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2), making all persons "affected employees" as a direct and proximate result to notice under the WARN Act.

34. Alternatively, the layoffs resulted in an employment loss of more than 1/3 of Defendant's employees, at a pertinent "single site of employment," and as such constituted a "mass layoffs" within the meaning of 29 U.S.C. § 2101(a)(3) in that at least 33% of the total employees (excluding any part-time employees) and at least 50 employees (again excluding any part-time employees) experienced an "employment loss" at a single sites of employment; or at least 500 employees (company-wide).

35. The named Plaintiff was an employee of Defendant whose employment was terminated as part of the plant closing and/or mass layoffs.

36. The named Plaintiff was discharged without cause on his part as part of a plant closing and/or mass layoff.

37. The plant closing and/or mass layoff resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(6), at one or more single sites of employment. Defendant failed to give written notice of the plant closing or/and mass layoff to the "affected employees" as required by the WARN Act, 29 U.S.C. § 2102, prior to the actual date of the closing and/or layoffs.

38. The WARN Act required that Defendant give the named Plaintiff and other persons similarly situated at least 60 days prior written notice of the termination of their employment.

39. Prior to the termination of their employment, the named Plaintiff and other persons similarly situated did not receive written notice from Defendant that complied with the requirements of the WARN Act.

40. Defendant failed to pay the named Plaintiff and other persons similarly situated their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following the respective terminations of their employment.

41. Defendant also failed to make the pension and 401(k) contributions, and failed to provide health insurance coverage and other employee benefits under ERISA to the named Plaintiff and other persons similarly situated for 60 calendar days from and after the dates of the respective terminations of their employment.

42. Counsel for this class will file a class proof of claim prior to the deadline for filing such claims.

43. Section 503 of the Bankruptcy Code provides that the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case, shall be allowed as an administrative expense in a case. 11 U.S.C. § 503(b)(1)(a).

44. To the extent that any employees were terminated during the post-petition period, each of them is entitled to an administrative expense claim including, but not limited to, sixty (60) days of pay and benefits as provided by the WARN Act, pursuant to § 503(b)(1)(a) and § 507(a)(1) of the Bankruptcy Code.

45. The claims of the Postpetition Terminated Employees under the WARN Act arose and accrued in their entirety after the Petition Date, because a WARN Act claim is a right to compensation based on lack of notice, without regard to length of service.
8
DEL1 63799-1

46. The Postpetition Terminated Employees are entitled to the sixty (60) day payment as an administrative expense claim under § 503(b)(1)(a) of the Bankruptcy Code in an amount to be determined at a hearing on this matter. This amount will include (but is not limited to): (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(K) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the dates of their respective terminations; and (c) the medical expenses incurred during such period by such persons that would have been covered and paid under Defendant's employee benefit plans had that coverage continued for that period.

## SECOND CLAIM

**(Claim of the Employees Terminated Before the Petition Date)**

47. The Plaintiff, on behalf of himself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

48. Upon information and belief, certain employees were terminated within the 30 days prior to the Petition Date (the "Prepetition Terminated Employees").

49. Pursuant to 11 U.S.C. § 507(a)(3) and (4), the Prepetition Terminated Employees are entitled to a priority unsecured claim against Defendant as to the first $10,000 of his or her WARN Act claim, or any higher priority amount as may be allowed. The balance of any Prepetition Termination Employee's WARN Act claim, if any, in excess of $10,000 is a general unsecured claim.

50. As a result of Defendant's violation of the WARN Act, the Prepetition Terminated Employees have been damaged in amounts equal to the sum of: (a) their respective

lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(K) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the dates of their respective terminations; and (c) the medical expenses incurred during such period by such persons that would have been covered and paid under Defendant's employee benefit plans had that coverage continued for that period.

WHEREFORE, the Plaintiff and the Other Similarly Situated Former Employees, as the members of the Class they seek to represent, respectfully request that this honorable Court enter judgment against Defendant and Defendant's bankruptcy estate, upon the equitable and legal grounds stated herein, through entry of an order or orders:

A. Allowing and directing payment of an administrative expense claim on behalf of each Postpetition Terminated Employee, in an amount equal to the sum of (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(K) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the dates of their respective terminations; and (c) the medical expenses incurred during such period by such persons that would have been covered and paid under Defendant's employee benefit plans had that coverage continued for that period;

B. Granting a money judgment in favor of each Prepetition Terminated Employee equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(K) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the dates of their respective terminations; and (c)

the medical expenses incurred during such period by such persons that would have been covered and paid under Defendant's employee benefit plans had that coverage continued for that period;

C. Allowing (i) all employees terminated after the Petition Date, the full amount of their WARN Act claim as an allowed administrative expense under section 503(b)(1)(A) of the Bankruptcy Code; and (ii) all employees terminated prior to the Petition Date, a priority unsecured claim as to the first $10,000, or any higher priority amount as may be allowed, in respect of such sum and a general unsecured claim in respect of the balance of such sum;

D. Certifying that the Plaintiff and the Other Similarly Situated Former Employees constitute a single class;

E. Allowing interest as allowed by law on the amounts owed under the preceding paragraphs;

F. Allowing the Plaintiff and the Other Similarly Situated Former Employees as an administrative priority claims pursuant to 11 U.S.C. § 507(b), reasonable attorneys' fees and the costs and disbursements incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. 2104 (a) (6); and

G. Granting such other and further relief as this honorable Court may deem just and proper.

April 6, 2006

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP

By: */s/ Steven K. Kortanek*
Steven K. Kortanek
Charles A. Ercole, Esq.
Mary B. Halfpenny, Esq.
919 N Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189

OF COUNSEL:

John A. Walker, Jr., Esq.
Suite 1200, 507 South Gay Street
P.O. Box 2774
Knoxville, TN 37901
(865) 523-0700