**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

In re

**LIBERTY FIBERS CORPORATION
f/k/a SILVA ACQUISITION
CORPORATION**

Case No. 2:05-bk-53874
Chapter 7

    **Debtor**

---

**MACK SANE, IN A
REPRESENTATIVE CAPACITY ON
BEHALF OF A CLASS OF ALL
PERSONS SIMILARLY SITUATED,**

    **Plaintiff**

vs.                                      Adv. Proc. No.  06-05049

**LIBERTY FIBERS CORPORATION f/k/a
  SILVA ACQUISITION CORPORATION,**

    **Defendant**

## ANSWER TO COMPLAINT

Comes Maurice K. Guinn, Trustee for Liberty Fibers Corporation, which was incorrectly named as defendant in this matter (The Trustee shall hereinafter referred to as "Defendant"), by and through counsel, and in answer to the Complaint of Mack Sane, in a Representative Capacity on Behalf of All Persons Similarly Situated ("Plaintiff"), states as follows:

    1.    The allegations and averments of paragraph number 1 of the Complaint are admitted.

    2.    The allegations and averments of paragraph number 2 of the Complaint are admitted.

3. The allegations and averments of paragraph number 3 of the Complaint are admitted.

4. The Trustee admits that Rule 7001(7) of the Federal Rules of Bankruptcy Procedure concerns equitable relief. The remaining allegations and averments of paragraph number 4 of the Complaint are denied and strict proof is demanded thereon.

5. Defendant admits that Mack Sane was an employee of Liberty Fibers Corporation (hereinafter referred to as "Debtor") upon information and belief. The remaining allegations and averments of paragraph number 5 of the Complaint are denied and strict proof is demanded thereon.

6. The allegations and averments of paragraph number 6 of the Complaint are denied and strict proof is demanded thereon.

7. Defendant admits that Debtor was a Tennessee corporation that filed a voluntary petition with this Court for relief under Title 11 of the United States Code on or about September 29, 2005. Maurice K. Guinn, however, was appointed Trustee and is the proper defendant in this case.

8. The allegations and averments of paragraph number 8 of the Complaint are admitted, except that the Trustee would state that he is the proper defendant in this case.

9. The allegations and assessments of paragraph number 9 of the Complaint are denied and strict proof is demanded thereon.

10. The allegations and averments in paragraph number 10 of the Complaint are admitted.

11. The allegations and averments in paragraph number 11 of the Complaint are admitted.

12. Upon information and belief, Defendant admits that Mack Sane had been employed by the Debtor at the facility. The remaining allegations and averments of paragraph number 12 of the Complaint are denied and strict proof is demanded thereon.

13. The allegations and averments of paragraph number 13 of the Complaint do not require an answer. To the extent that an answer is required, the allegations and averments of paragraph number 13 of the Complaint are denied and strict proof is demanded thereon.

14. The allegations and averments of paragraph number 14 of the Complaint do not require an answer. To the extent that an answer is required, the allegations and averments of paragraph number 14 of the Complaint are denied and strict proof is demanded thereon

15. The allegations and averments of paragraph number 15 of the Complaint are denied and strict proof is demanded thereon.

16. The allegations and averments of paragraph number 16 of the Complaint are denied and strict proof is demanded thereon.

17. The allegations and averments of paragraph number 17 of the Complaint are denied and strict proof is demanded thereon.

18. The allegations and averments of paragraph number 18 of the Complaint are denied and strict proof is demanded thereon.

19. The allegations and averments of paragraph number 19 of the Complaint are denied and strict proof is demanded thereon.

20. The allegations and averments of paragraph number 20 of the Complaint are denied and strict proof is demanded thereon.

21. The allegations and averments of paragraph number 21 of the Complaint are denied and strict proof is demanded thereon.

22. The allegations and averments of paragraph number 22 of the Complaint are denied and strict proof is demanded thereon.

23. Defendant has no information sufficient to form a belief as to the allegations and averments in paragraph number 23 of the Complaint.

24. The allegations and averments of paragraph number 24 of the Complaint are denied and strict proof is demanded thereon.

25. The allegations and averments of paragraph number 25 of the Complaint are denied and strict proof is demanded thereon.

26. The allegations and averments of paragraph number 26 of the Complaint are denied and strict proof is demanded thereon.

27. The allegations and averments of paragraph number 27 of the Complaint are denied and strict proof is demanded thereon.

28. Paragraph number 28 of the Complaint does not require an answer from this Defendant. To the extent that an answer is required, the allegations and averments of paragraph number 28 of the Complaint are denied and strict proof is demanded thereon.

29. The allegations and averments of paragraph 29 of the Complaint are admitted upon information and belief.

30. Defendant is without sufficient information to form a belief as to the allegations and averments of paragraph number 30 of the Complaint.

31. Defendant is without sufficient information to form a belief as to the allegations and averments of paragraph number 31 of the Complaint.

32. The allegations and averments of paragraph number 32 of the Complaint are denied and strict proof is demanded thereon.

33. The allegations and averments of paragraph number 33 of the Complaint are denied and strict proof is demanded thereon.

34. The allegations and averments of paragraph number 34 of the Complaint are denied and strict proof is demanded thereon.

35. Upon information and belief, the Defendant admits that Mack Sane was an employee of the Debtor whose employment was terminated. The remaining allegations and averments of paragraph number 35 of the Complaint are denied and strict proof is demanded thereon.

36. The allegations and averments of paragraph number 36 of the Complaint are denied and strict proof is demanded thereon.

37. The allegations and averments of paragraph number 37 of the Complaint are denied and strict proof is demanded thereon.

38. The allegations and averments of paragraph number 38 of the Complaint are denied and strict proof is demanded thereon.

39. The allegations and averments of paragraph number 39 of the Complaint are denied and strict proof is demanded thereon.

40. Defendant does not have information sufficient to form a belief as to the allegations and averments of paragraph number 40 of the Complaint.

41. Defendant does not have information sufficient to form a belief as to the allegations and averments of paragraph number 41 of the Complaint.

42. The allegations and averments of paragraph number 42 do not require an answer. To the extent an answer is required, the allegations and averments of paragraph number 42 of the Complaint are denied and strict proof is demanded thereon.

43. The allegations and averments of paragraph number 43 do not require an answer, except Defendant would state that Plaintiff is not entitled to an administrative expense claim.

44. The allegations and averments of paragraph number 44 of the Complaint are denied and strict proof is demanded thereon.

45. The allegations and averments of paragraph number 45 of the Complaint are denied and strict proof is demanded thereon.

46. The allegations and averments of paragraph number 46 of the Complaint are denied and strict proof is demanded thereon.

47. The allegations and averments of paragraph number 47 doe not require an answer from this defendant. To the extent an answer is required, the allegations and averments of paragraph number 47 of the Complaint are denied and strict proof is demanded thereon.

48. Defendant has no information sufficient to form a belief as to the allegations and averments in paragraph number 48 of the Complaint.

49. The allegations and averments of paragraph number 49 of the Complaint are denied and strict proof is demanded thereon.

50. The allegations and averments of paragraph number 50 of the Complaint are denied and strict proof is demanded thereon.

51. Defendant denies that plaintiff is entitled to any of the relief sought in its Complaint.

52. Plaintiff has failed to state a claim for relief that can be granted.

53. Any allegations or averments not heretofor admitted, qualified, or denied are hereby denied as if specifically stated so therein.

54. Defendant reserves the right to amend this Answer upon the ascertainment of additional information through the discovery process and as the needs of justice may so require.

## **DEFENSES**

1. Plaintiff's Complaint fails to state a claim for which relief can be granted against Defendant and/or Debtor.

2. Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations.

3. Plaintiff's Complaint is barred in whole or in part by the doctrines of laches, estoppel, and waiver.

4. It is averred that Plaintiff cannot establish a *prima facie* case that Debtor violated the WARN Act.

5. It is averred that this matter should be dismissed in that Plaintiff is not entitled to proceed in this matter in so far as the Court has not granted Plaintiff permission to proceed in accordance with Rules 7023 or 9014 of the Federal Bankruptcy Rules and/or Plaintiff cannot establish that he is entitled to proceed in this matter under Rules 7023 or 9014 of the Federal Bankruptcy Rules.

6. Defendant avers that this matter should be dismissed on the grounds that Plaintiff cannot satisfy the prerequisites to a class action claim as provided by Rule 7023 of the Federal Bankruptcy Rules or Fed. R. Civ. P. 23.

7. To the extent found applicable through litigation and discovery, it is averred that the Debtor was not required to give the notice required by the WARN Act because as of the time that notice would have been required, the Debtor was actively seeking capital or business which,

if obtained, would have enabled the Debtor to avoid or postpone the shut-down and the Debtor reasonably and in good faith believed that giving the notice required would have precluded the Debtor from obtaining the needed capital or business.

8. To the extent found applicable through litigation and discovery, it is averred that the Debtor's closing or mass lay-off was caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

9. It is averred that Debtor is and/or was guilty of no wrongdoing with respect to Plaintiff or the class of persons Plaintiff seeks to represent and that at no point in time did it wrongfully terminate Plaintiff or any of the persons Plaintiff seeks to represent.

10. It is averred that at all times relevant to the allegations contained in Plaintiff's Complaint, Debtor treated Plaintiff and the persons Plaintiff seeks to represent fairly and lawfully in connection with their employment with Debtor.

11. It is averred that neither Plaintiff nor the persons Plaintiff seeks to represent have and/or will have standing as administrative creditors in this proceeding.

12. Defendant relies upon any and all Federal and/or State statutes which may be applicable in this matter.

Trustee reserves the right, subject to the Court's approval, to plead additional defenses at the conclusion of the discovery process.

WHEREFORE, the Defendant requests the following relief:

a. That the Plaintiff's Complaint be dismissed and that the Plaintiff recover nothing from the Defendant and/or Debtor;

b. That costs of this cause be taxed against Plaintiff and that the Defendant recover his reasonable attorney's fees and legal expenses; and

c. That Defendant be granted such other and further legal and equitable relief as the proof shows to be proper.

Dated this the 30th day of June, 2008.

/s/Tyler C. Huskey
Tyler C. Huskey (BPR # 021535)
Michael P. Sayne (BPR # 020970)
Gentry, Tipton & McLemore, P.C.
2430 Teaster Lane, Suite 210
Pigeon Forge, Tennessee 37863
(865) 525-5300
Attorneys for Maurice K. Guinn, Trustee
For Liberty Fibers Corporation

## Certificate of Service

The undersigned hereby certifies that on June 30, 2008, the foregoing "**Answer To Complaint**" was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all persons on the electronic filing receipt.

A copy of the foregoing "**Answer to Complaint**" was served on June 30, 2008, by first class mail with sufficient postage attached in an envelope addressed as follows:

> Richard M. Beck, Esquire
> Klehr, Harrison, Harvey,
>    Branzburg & Ellers, LLP
> 260 South Broad St.
> Philadelphia, PA 19102
>
> John A. Walker, Jr., Esq.
> Walker & Walker, P.C.
> P.O. Box 2774
> Knoxville, TN 37901

/s/Tyler C. Huskey
Tyler C. Huskey (BPR #021535)

TCH/tla: \Liberty Fibers (5444)\Sane\P Answer to Complaint.doc